USDC SCAN INDEX SHEET











BUDGET ELECTRIC CONT

INDIANA LUMBERMEN'S

MR
3:95-CV-00529
*28*
*STIPO.*

```
 1 │ John P. McCormick, Esq. SBN 38064
   │ Deborah K. Garvin, Esq. SBN 145390
 2 │ McCORMICK & MITCHELL
   │ 1660 Union Street
 3 │ San Diego, California 92101
   │ (619) 234-1551
 4 │
   │
 5 │ Attorneys for Third Party Defendant,
   │ Valmont Industries, Inc.
 6 │
 7 │
 8 │             UNITED STATES DISTRICT COURT
 9 │            SOUTHERN DISTRICT OF CALIFORNIA
10 │ BUDGET ELECTRIC CONTRACTORS, INC. )  Case No.  950529E (AJB)
   │ dba BEC, INC., a California      )
11 │ corporation                      )  STIPULATION TO PERMIT VALMONT
   │                                  )  INDUSTRIES AND CONSOLIDATED
12 │         Plaintiff,               )  ELECTRICAL DISTRIBUTORS TO
   │                                  )  FILE A THIRD PARTY COMPLAINT
13 │ vs.                              )  NAMING ADDITIONAL PARTIES
   │                                  )
14 │ INDIANA LUMBERMEN'S MUTUAL       )       & order
   │ INSURANCE COMPANY, an Indiana    )
15 │ corporation; NATIONAL AMERICAN   )
   │ INSURANCE COMPANY, a Nebraska    )
16 │ corporation; and DOES 1 through  )
   │ 10, inclusive,                   )
17 │                                  )
   │         Defendants.              )
18 │                                  )
   │ _____)
19 │                                  )
   │ INDIANA LUMBERMEN'S MUTUAL       )
20 │ INSURANCE COMPANY, an Indiana    )
   │ corporation; NATIONAL AMERICAN   )
21 │ INSURANCE COMPANY, a Nebraska    )
   │ corporation, et al.,             )
22 │                                  )
   │         Counter-Claimants,       )
23 │                                  )
   │ v.                               )
24 │                                  )
   │ BUDGET ELECTRIC CONTRACTORS, INC.)
25 │ dba BEC, INC., a California      )
   │ corporation; and INSURANCE       )
26 │ COMPANY OF THE WEST, a           )
   │ California corporation,          )
27 │                                  )
   │         Counter-Defendants.      )
28 │ _____)
```

| | |
|---|---|
| SO STIPULATED: | PERKINS & MILTNER |
| Dated: 5-29-96 | BY: /s/ David A. Perkins<br>DAVID A. PERKINS, ESQ.<br>Attorneys for Plaintiffs/<br>Counter-defendants<br>BUDGET ELECTRIC<br>CONTRACTORS, INC., dba<br>BEC, INC., and Third<br>Party Plaintiff/Counter-<br>defendant INSURANCE<br>COMPANY OF THE WEST |
| Dated: 5/29/96 | /s/ Larry A. Rothstein<br>LARRY A. ROTHSTEIN, ESQ.<br>Attorneys for Defendant/<br>Counter-claimants INDIANA<br>LUMBERMEN'S MUTUAL INSURANCE<br>CO. and NATIONAL AMERICAN<br>INSURANCE COMPANY |
| | NESS & ROBINSON |
| Dated: 5-29-96 | BY: /s/ Steven R. Borer<br>STEVEN R. BORER, ESQ.<br>Attorneys for Third<br>Party Defendant/Cross-<br>claimant CONSOLIDATED<br>ELECTRICAL DISTRIBUTORS,<br>INC. |
| SO ORDERED:<br>Dated: 6/18/96 | /s/ Judge<br>JUDGE OF THE SOUTHERN<br>DISTRICT COURT |

BUDGET\THIRD.STP

-3-

```
1  John P. McCormick, Esq. SBN 38064
   Deborah K. Garvin, Esq. SBN 145390
2  McCORMICK & MITCHELL
   1660 Union Street
3  San Diego, California 92101
   (619) 234-1551
4

5  Attorneys for Third Party Defendant/Cross-Claimant
   VALMONT INDUSTRIES, INC.
6

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10 BUDGET ELECTRIC CONTRACTORS, INC. )  Case No.  950529E (AJB)
   dba BEC, INC., a California      )
11 corporation                      )
                                    )  THIRD PARTY COMPLAINT OF
12         Plaintiff,                )  THIRD PARTY DEFENDANT
                                    )  VALMONT INDUSTRIES, INC. FOR
13 vs.                              )  CONTRIBUTION, INDEMNITY AND
                                    )  DECLARATORY RELIEF
14 INDIANA LUMBERMEN'S MUTUAL       )
   INSURANCE COMPANY, an Indiana    )  JURY TRIAL DEMANDED
15 corporation; NATIONAL AMERICAN   )
   INSURANCE COMPANY, a Nebraska    )
16 corporation; and DOES 1 through  )
   10, inclusive,                   )
17                                  )
           Defendants.              )
18                                  )
   _____)
19                                  )
   INDIANA LUMBERMEN'S MUTUAL       )
20 INSURANCE COMPANY, an Indiana    )
   corporation; NATIONAL AMERICAN   )
21 INSURANCE COMPANY, a Nebraska    )
   corporation, et al.,             )
22                                  )
           Counter-Claimants,       )
23                                  )
   v.                               )
24                                  )
   BUDGET ELECTRIC CONTRACTORS, INC.)
25 dba BEC, INC., a California      )
   corporation; and INSURANCE       )
26 COMPANY OF THE WEST, a           )
   California corporation,          )
27                                  )
           Counter-Defendants.      )
28 _____)
```

deadstik\budget\cross.clm

EXHIBIT A 1

```
 1 | BUDGET ELECTRIC CONTRACTORS, INC.  )
   | dba BEC, INC., a California        )
 2 | corporation; and INSURANCE         )
   | COMPANY OF THE WEST, a             )
 3 | California corporation,            )
   |                                    )
 4 |                                    )
   |        Third Party Plaintiffs,     )
 5 |                                    )
   | vs.                                )
 6 |                                    )
   | CONSOLIDATED ELECTRICAL            )
 7 | DISTRIBUTORS, a Delaware           )
   | corporation; VALMONT               )
 8 | INDUSTRIES, INC., a                )
   | Delaware corporation,              )
 9 |                                    )
   |        Third Party Defendants.     )
10 | _____)
   |                                    )
11 | CONSOLIDATED ELECTRIC              )
   | DISTRIBUTORS, INC., a Delaware     )
12 | corporation,                       )
   |                                    )
13 |        Cross-Claimant,             )
   |                                    )
14 | vs.                                )
   |                                    )
15 | VALMONT INDUSTRIES, INC., a        )
   | Delaware corporation, and ROES 1 - )
16 | 10, Inclusive,                     )
   |                                    )
17 |        Cross-Defendants            )
   |                                    )
18 | _____)
   |                                    )
19 | VALMONT INDUSTRIES, INC., a        )
   | Delaware corporation,              )
20 |                                    )
   |        Third Party Plaintiff,      )
21 |                                    )
   | vs.                                )
22 |                                    )
   | LITHONIA HI-TEK and CALIFORNIA     )
23 | LIGHTING SALES and ROES 1 through  )
   | 10, inclusive,                     )
24 |                                    )
   |        Cross-Defendants.           )
25 | _____)
26 |        Third Party Plaintiff, VALMONT INDUSTRIES, INC., alleges as
27 | follows:
28 | / / /
```

deadstik\budget\cross.clm          -2-

**EXHIBIT A**

## JURISDICTION AND VENUE

1. Federal jurisdiction is proper since Third Party Plaintiff, VALMONT INDUSTRIES, INC.'S claims against LITHONIA HI-TEK and CALIFORNIA LIGHTING SALES are ancillary to the main claim brought by Third Party Plaintiff BUDGET ELECTRIC CONTRACTORS against Third Party Plaintiff VALMONT INDUSTRIES, INC.

2. Third Party Plaintiff, VALMONT INDUSTRIES, INC. is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and doing business in the State of California.

3. Cross-Defendant LITHONIA HI-TEK is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and doing business in the State of California.

4. Cross-Defendant CALIFORNIA LIGHTING SALES is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and doing business in the State of California.

5. On or about June 10, 1992, MARTECH, INC., ("MARTECH") entered into a construction contract with the Department of Navy, MID-PACIFIC ("NAVY") for the construction of a work of improvement commonly known as FY 92 MCON and PROJECT P-140 MK-50 MAINTENANCE SHOP located at NAVMAG LUALUALEI, WESTLOCH, Oahu, Hawaii, Contract No. N62471-88-C-1317 ("SUBJECT PROJECT"). INDIANA LLUMBERMEN'S MUTUAL INSURANCE COMPANY and NATIONAL AMERICAN INSURANCE COMPANY, as surities provided MARTECH with a payment bond on the PROJECT.

6. On or about July 1, 1992, Third Party Plaintiff, BUDGET

deadstik\budget\cross.clm        -3-

EXHIBIT A

(hereinafter "BUDGET") entered into a written sub-contract agreement with MARTECH to provide labor and equipment and materials necessary for electrical work on the SUBJECT PROJECT. In consideration, therefore, MARTECH agreed to pay BUDGET $810,000.00. Thereafter, and due to non-payment by MARTECH to BUDGET, BUDGET commenced a civil action against INDIANA LUMBERMAN'S MUTUAL INSURANCE COMPANY and NATIONAL AMERCIAN INSURANCE COMPANY in United States District Court for the District of Hawaii, Action No. 94-00224 HG, filed on or about March 24, 1994. Subsequently, INDIANA LUMBERMAN'S and NATIONAL AMERICAN entered into a contract with BUDGET to complete electrical work on the SUBJECT PROJECT in exchange for compensation.

    7.   In accordance with the contract to perform electrical work BUDGET was to supply and install lightning mast for the SUBJECT PROJECT in accordance with the plans and specifications and industry standards. The lightning masts were manufactured by Third Party Plaintiff, VALMONT INDUSTRIES. Due to the alleged nonconformity of the masts, it was necessary to replace the lightning masts at a cost in excess of $170,000.00. INDIANA LUMBERMAN and NATIONAL AMERICAN sought to recover the costs from BUDGET. BUDGET in turn sought to recover costs against VALMONT and others.

    8.   Third Party Plaintiff, VALMONT, is informed and believes that BUDGET and CONSOLIDATED ELECTRICAL DISTRIBUTORS entered into an agreement for CONSOLIDATED ELECTRICAL DISTRIBUTORS to supply lightning masts for the SUBJECT PROJECT. Third Party Plaintiff, VALMONT, is informed and believes that

deadstik\budget\cross.clm     -4-

EXHIBIT A

1 | Third Party Defendant CALIFORNIA LIGHTING SALES and LITHONIA HI-
2 | TEK are in the chain of distribution with Consolidated Electrical
3 | Distributors and were active in providing quotations and
4 | materials to conform to the plan specifications for the SUBJECT
5 | PROJECT.

### FIRST CAUSE OF ACTION

7 | 9.  That on or about October 27, 1995, third party plaintiff
8 | BUDGET ELECTRIC CONTRACTORS, INC. caused to be filed in the
9 | United States District Court Southern District of California, a
10 | Third Party Complaint (HEREINAFTER BUDGET'S COMPLAINT) for
11 | damages bearing case number 950529E(AJB).  For purposes of
12 | pleading only, and without admitting the truth therein as against
13 | Third Party Plaintiff VALMONT INDUSTRIES, INC., Third Party
14 | Plaintiff VALMONT INDUSTRIES, INC. refers to the allegations in
15 | BUDGET's complaint and all other filed cross-claims, and
16 | incorporates the same herein by this reference as though set
17 | forth in full.

18 | 10.  Third Party Plaintiff VALMONT INDUSTRIES, INC. is
19 | informed and believes, and upon such information and belief
20 | alleges that cross-defendants LITHONIA HI-TEK, CALIFORNIA
21 | LIGHTING SALES and ROES 1 through 10, acted negligently and/or
22 | wrongfully in and about the matters set forth in BUDGET's
23 | complaint, and that the damages alleged in BUDGET's complaint
24 | were a proximate result of said negligence and/or wrongful
25 | conduct.

26 | 11.  That if BUDGET was in fact damaged as alleged, then
27 | said damages were solely and/or substantially caused by the
28 | negligence and/or wrongful conduct of third party defendants, and

deadstik\budget\cross.clm        -5-

EXHIBIT A

each of them, and therefore Third Party Plaintiff VALMONT is entitled to have the percentage of negligence and/or wrongful conduct of third party defendants and each of them, determined by this court.

12. That in the event Third Party Plaintiff VALMONT is found liable to BUDGET and judgment is entered accordingly, Third Party Plaintiff VALMONT is entitled to contribution or total indemnity from third party defendants, and each of them, in the amount which Third Party Plaintiff VALMONT must pay to BUDGET for the proportion of that judgment which third party defendants' negligence, and/or wrongful conduct, if any, is found to have contributed to BUDGET's damages.

## SECOND CAUSE OF ACTION

13. Third Party Plaintiff VALMONT refers to the First Cause of Action, which is incorporated by reference herein.

14. That by virtue of the negligent and/or wrongful conduct of third party defendants, and each of them, at the time and place set forth in the pleadings on file herein, said third party defendants, and each of them, were "actively" and "primarily" negligent in causing the alleged damages to BUDGET as compared to the "passive" or "secondary" negligence of Third Party Plaintiff VALMONT.

15. That by virtue of the "active" and "primary" negligence of third party defendants, and each of them, as compared to the "passive" and "secondary" negligence of Third Party Plaintiff VALMONT, that in the interests of equity and justice, third party defendants, and each of them, should be held liable to Third Party Plaintiff VALMONT for indemnification from and against all

deadstik\budget\cross.clm   -6-   EXHIBIT A

manner of costs, liabilities, expenses and fees which Third Party Plaintiff VALMONT might incur to BUDGET or in the defense of the action-in-chief brought by BUDGET against Third Party Plaintiff VALMONT.

16. Third Party Plaintiff VALMONT hereby makes demand upon third party defendants, and each of them, to indemnify and hold Third Party Plaintiff VALMONT harmless, to assume defense of this action on behalf of Third Party Plaintiff VALMONT, and to take such steps as are necessary and required to protect Third Party Plaintiff VALMONT, and to pay all claims, settlements, judgments, attorneys fees, and other costs incurred by and/or awarded against Third Party Plaintiff VALMONT.

### THIRD CAUSE OF ACTION

17. Third Party Plaintiff VALMONT refers to the First and Second Causes of Action and incorporates them by reference herein.

18. That at the trial of this matter, the third party defendants, and each of them, are necessary and indispensable parties to this action for the purpose of establishing the quantum or percentage of negligence to be apportioned to the third party defendants, and each of them.

19. Third Party Plaintiff VALMONT has no adequate or speedy remedy at law, and would suffer irreparable damage in the absence of the filing of this action.

20. An actual controversy exists among the parties in that Third Party Plaintiff VALMONT contends that it is entitled to the court's determination as to the proportion of, or lack of, negligence of the third party defendants herein; and that the

deadstik\budget\cross.clm      -7-

EXHIBIT A

third party defendants contribute to the discharge of any judgment entered against Third Party Plaintiff VALMONT for that proportion of the judgment which third party defendants' negligence is found to have contributed to BUDGET's damages, or totally indemnify Third Party Plaintiff VALMONT. Third Party VALMONT is informed and believes that third party defendants contend otherwise.

WHEREFORE, judgment is prayed against the third party defendants, and each of them, as follows:

1. For a determination by this court of the quantum or absence of negligence of each party herein;

2. For contribution from third party defendants for that proportion of the judgment which third party defendants' conduct is found to have contributed to BUDGET's damages;

3. For total indemnity from third party defendants, and each of them, in the event any amounts are recoverable from Third Party Plaintiff VALMONT;

4. For reasonable attorney's fees and costs of suit herein; and

5. For such other and further relief as the court may deem just and proper.

Dated: June 10, 1996

McCORMICK & MITCHELL

By _____
John P. McCormick
Attorneys for Third Party
Defendant/Cross-Claimant
VALMONT INDUSTRIES, INC.

deadstik\budget\cross.clm      -8-

EXHIBIT A

```
Steven R. Borer, Esq. (137873)
NESS & ROBINSON
501 West Broadway, Suite 1330
San Diego, California  92101
(619) 595-1483

Attorneys for Third Party Defendant/Cross-Claimant
CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUDGET ELECTRIC CONTRACTORS, INC./DBA BEC, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY, an Indiana corporation; NATIONAL AMERICAN INSURANCE COMPANY, a Nebraska corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 950529E(AJB) <br><br> **THIRD PARTY COMPLAINT OF THIRD PARTY DEFENDANT CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. FOR CONTRIBUTION, INDEMNITY AND DECLARATORY RELIEF** <br><br> **JURY TRIAL DEMANDED** |
| INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY, an Indiana corporation; NATIONAL AMERICAN INSURANCE COMPANY, a Nebraska corporation, et al., <br><br> Counter-Claimants, <br><br> v. <br><br> BUDGET ELECTRIC CONTRACTORS, INC./DBA BEC, INC., a California corporation; and INSURANCE COMPANY OF THE WEST, a California corporation, <br><br> Counter-Defendants. | |

EXHIBIT B

```
BUDGET ELECTRIC CONTRACTORS,    )
INC./DBA BEC, INC., a           )
California corporation; and     )
INSURANCE COMPANY OF THE        )
WEST, a California              )
corporation,                    )
                                )
        Third Party Plaintiffs, )
v.                              )
                                )
CONSOLIDATED ELECTRICAL         )
DISTRIBUTORS, a Delaware        )
corporation; VALMONT            )
INDUSTRIES, INC., a Delaware    )
corporation,                    )
                                )
        Third Party Defendants. )
_____)
                                )
CONSOLIDATED ELECTRICAL         )
DISTRIBUTORS, INC., a           )
Delaware corporation,           )
                                )
              Cross-Claimant,   )
                                )
v.                              )
                                )
VALMONT INDUSTRIES, INC., a     )
Delaware corporation and        )
ROES 1 through 10, inclusive,   )
                                )
              Cross-Defendants. )
_____)
CONSOLIDATED ELECTRICAL         )
DISTRIBUTORS, INC., a           )
Delaware corporation,           )
                                )
        Third Party Plaintiff,  )
                                )
v.                              )
                                )
LITHONIA HI-TEK and             )
CALIFORNIA LIGHTING SALES and   )
ROES 1 through 10, inclusive,   )
                                )
              Cross-Defendants. )
_____)
```

Third Party Plaintiff, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., ("CED") alleges as follows:

2

## JURISDICTION AND VENUE

1.  Federal jurisdiction is proper since third party plaintiff, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.'s, claims against LITHONIA HI-TEK and CALIFORNIA LIGHTING SALES are ancillary to the main claim brought by third party plaintiff BUDGET ELECTRIC CONTRACTORS against third party plaintiff CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.

2.  Third party plaintiff, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC. is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and doing business in the State of California.

3.  Third party defendant LITHONIA HI-TEK is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and doing business in the State of California.

4.  Third party defendant CALIFORNIA LIGHTING SALES is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of the State of Delaware, and doing business in the State of California.

5.  On or about June 10, 1992, MARTECH, INC., ("MARTECH") entered into a construction contract with the Department of Navy, MID-PACIFIC ("NAVY") for the construction of a work of improvement commonly known as FY 92 MCON and PROJECT P-140 MK-50 MAINTENANCE SHOP located at NAVMAG LUALUALEI, WESTLOCH, Oahu, Hawaii, Contract No. N62471-88-C-1317 ("SUBJECT PROJECT"). INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY and NATIONAL

EXHIBIT B 1

AMERICAN INSURANCE COMPANY, as sureties provided MARTECH with a payment bond on the PROJECT.

6. On or about July 1, 1992, third party plaintiff, BUDGET ELECTRIC CONTRACTORS, INC., ("BEC") entered into a written sub-contract agreement with MARTECH to provide labor and equipment and materials necessary for electrical work on the SUBJECT PROJECT. In consideration, therefore, MARTECH agreed to pay BEC $810,000.00. Thereafter, and due to non-payment by MARTECH to BEC, BEC commenced a civil action against INDIANA LUMBERMEN'S MUTUAL INSURANCE COMPANY and NATIONAL AMERICAN INSURANCE COMPANY in United States District Court for the District of Hawaii, Action No. 94-00224 HG, filed on or about March 24, 1994. Subsequently, INDIANA LUMBERMEN's and NATIONAL AMERICAN entered into a contract with BEC to complete electrical work on the SUBJECT PROJECT in exchange for compensation.

7. In accordance with the contract to perform electrical work BEC was to supply and install lightning masts for the SUBJECT PROJECT in accordance with the plans and specifications and industry standards. The lightning masts were manufactured by third party plaintiff, VALMONT INDUSTRIES. Due to the alleged nonconformity of the masts, it was necessary to replace the lightning masts at a cost in excess of $170,000.00. INDIANA LUMBERMEN and NATIONAL AMERICAN sought to recover the costs from BEC. BEC in turn sought to recover costs against CED and others.

8. Third party plaintiff, CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., is informed and believes that BEC and CED, entered into an agreement for CED to supply lightning masts for the SUBJECT PROJECT. Third party plaintiff CED is informed and

4

EXHIBIT B

believes that third party defendant CALIFORNIA LIGHTING SALES and LITHONIA HI-TEK are in the chain of distribution with CED and were active in providing quotations and materials to conform to the plan specifications for the SUBJECT PROJECT.

**FIRST CAUSE OF ACTION**

9. That on or about October 27, 1995, third party plaintiff BEC caused to be filed in the United States District Court Southern District of California, a complaint for damages bearing case number 950529E(AJB). For purposes of pleading only, and without admitting the truth therein as against third party plaintiff CED, CED refers to the allegations in BEC's complaint and all other filed cross-claims, and incorporates the same herein by this reference as though set forth in full.

10. Third party plaintiff CED is informed and believes, and upon such information and belief alleges that third party defendants, LITHONIA HI-TEK and CALIFORNIA LIGHTING SALES, and ROES 1 through 10, acted negligently and/or wrongfully in and about the matters set forth in BEC's complaint, and that the damages alleged in BEC's complaint were a proximate result of said negligence and/or wrongful conduct.

11. That if BEC was in fact damaged as alleged, then said damages were solely and/or substantially caused by the negligence and/or wrongful conduct of third party defendants, and each of them, and therefore third party plaintiff CED is entitled to have the percentage of negligence and/or wrongful conduct of third party defendants, and each of them, determined by this court.

12. That in the event third party plaintiff CED is found liable to BEC and judgment is entered accordingly, third party

5

EXHIBIT B

plaintiff CED is entitled to contribution or total indemnity from third party defendants, and each of them, in the amount which third party plaintiff CED must pay to BEC for the proportion of that judgment which third party defendants' negligence, and/or wrongful conduct, if any, is found to have contributed to BEC's damages.

### SECOND CAUSE OF ACTION

13. Third party plaintiff CED refers to the First Cause of Action, which is incorporated by reference herein.

14. That by virtue of the negligent and/or wrongful conduct of third party defendants, and each of them, at the time and place set forth in the pleadings on file herein, said third party defendants, and each of them, were "actively" and "primarily" negligent in causing the alleged damages to BEC as compared to the "passive" or "secondary" negligence of third party plaintiff CED.

15. That by virtue of the "active" and "primary" negligence of third party defendants, and each of them, as compared to the "passive" and "secondary" negligence of third party plaintiff CED, that in the interests of equity and justice, third party defendants, and each of them, should be held liable to third party plaintiff CED for indemnification from and against all manner of costs, liabilities, expenses and fees which third party plaintiff CED might incur to BEC or in the defense of the action-in-chief brought by BEC against third party plaintiff CED.

16. Third party plaintiff CED hereby makes demand upon third party defendants, and each of them, to indemnify and hold third party plaintiff CED harmless, to assume defense of this

6

EXHIBIT B

action on behalf of third party plaintiff CED, and to take such steps as are necessary and required to protect third party plaintiff CED, and to pay all claims, settlements, judgments, attorneys fees, and other costs incurred by and/or awarded against third party plaintiff CED.

### THIRD CAUSE OF ACTION

17. Cross-claimant refers to the First and Second Causes of Action and incorporates them by reference herein.

That at the trial of this matter, the third party defendants, and each of them, are necessary and indispensable parties to this action for the purpose of establishing the quantum or percentage of negligence to be apportioned to the third party defendants, and each of them.

18. Third party plaintiff CED has no adequate or speedy remedy at law, and would suffer irreparable damage in the absence of the filing of this action.

19. An actual controversy exists among the parties in that third party plaintiff CED contends that it is entitled to the court's determination as to the proportion of, or lack of, negligence of third party plaintiff CED and the third party defendants herein; and that third party defendants contribute to the discharge of any judgment entered against third party plaintiff CED for that proportion of the judgment which third party defendants' negligence is found to have contributed to BEC's damages, or totally indemnify third party plaintiff CED. Third party plaintiff CED is informed and believes that third party defendants contend otherwise.

EXHIBIT B

WHEREFORE, judgment is prayed against the third party defendants, and each of them, as follows:

1. For a determination by this court of the quantum or absence of negligence of each party herein;

2. For contribution from third party defendants for that proportion of the judgment which third party defendants' conduct is found to have contributed to BEC's damages;

3. For total indemnity from third party defendants, and each of them, in the event any amounts are recoverable from third party plaintiff CED;

4. For reasonable attorney's fees and costs of suit herein; and

5. For such other and further relief as the court may deem just and proper.

Dated: June 7, 1996          LAW OFFICES OF NESS & ROBINSON

                        BY:  _____
                             STEVEN R. BORER
                             Attorney for Third Party Defendant/
                             Third Party Plaintiff
                             CONSOLIDATED ELECTRICAL
                             DISTRIBUTORS, INC.

8

EXHIBIT B

BUDGET ELECTRIC CONTRACTORS, et al. v.
INDIANA LUMBERMAN'S MUTUAL INSURANCE CO., et al.
and Related Cross-actions
United States District Court
Southern District
Case No. 950529E (AJB)

## PROOF OF SERVICE

I, Mary Ann Mix, declare as follows:

I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego, California, where the service occurs; and my business address is 1660 Union Street, San Diego, California 92101.

On June 10, 1996, I served the foregoing document(s):

**STIPULATION TO PERMIT VALMONT INDUSTRIES AND CONSOLIDATED ELECTRICAL DISTRIBUTORS TO FILE A THIRD PARTY COMPLAINT NAMING ADDITIONAL PARTIES.**

on:     **SEE ATTACHED SERVICE LIST**

by placing a true copy thereof enclosed in a sealed envelope.

(X)   BY MAIL. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.

( )   BY FAX. In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the above addressee pursuant to Code of Civil Procedure §1013e.

( )   BY PERSONAL SERVICE. Said document(s) were hand-delivered to the addressee pursuant to Code of Civil Procedure §1011.

( )   BY EXPRESS MAIL. I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

Executed June 10, 1996, at San Diego, California.

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

_Mary Ann Mix_
Mary Ann Mix